# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH R. REID, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:10-cv-144-WTL-TAB |
| ) | |
| LT. E. EMMERICH, et al., ) | |
| ) | |
| Defendants. ) | |

### Entry Dismissing Insufficient Claims and Directing Further Proceedings

The court, having considered the matters which are pending, makes the following rulings:

1. The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** No assessment of even a partial initial filing fee is made at this time. The appropriateness of such an assessment may be reviewed upon receipt of additional information pertaining to the plaintiff's financial circumstances.

2. The plaintiff is confined at a federal prison within this District. His action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Thus, to maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987).

3. The complaint has been screened as required by 28 U.S.C. § 1915A(b). That statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b), *see Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4. The claims which are legally insufficient under the above standard are the following:

a. The complaint asserts an official capacity claim against the defendants. Such claims are, in essence, claims against the United States. A *Bivens* action can be maintained against a defendant only in his individual capacity, not against the United States. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994). The official capacity claims fail to state a claim upon which relief can be granted and are **dismissed**.

b. The plaintiff alleges that his Fourth Amendment rights were violated. However, protections under that Amendment are not implicated by the plaintiff's allegations. Any claim pursuant to the Fourth Amendment is **dismissed.**

5. No partial final judgment shall issue at this time as to the claims resolved in paragraph 4 of this Entry.

6. The clerk is designated to issue process to the defendants. **Personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Entry, summons and complaint shall be served by the Marshal at the expense of the United States on defendants 1) Lt. E. Emmerich, 2) Correctional Officer Usrey, and 3) Counselor White, and on the United States Attorney General and the United States Attorney for this District.

**IT IS SO ORDERED.**

Date: 06/01/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth R. Reid
Reg. No. 11485-171
TERRE HAUTE - FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204