UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KENNETH R. REID,                )
                                )
            Plaintiff,           )
                                )
v.                               )   No. 2:10-cv-144-WTL-WGH
                                )
LT. E. EMMERICH, et al.,         )
                                )
            Defendants.          )

**Entry Discussing Motion for Summary Judgment**

Plaintiff Kenneth R. Reid is confined at a federal prison within this District. His action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and is proceeding against defendants (1) Lt. E. Emmerich, (2) Correctional Officer Usrey, and (3) Counselor White. These defendants seek resolution of the claims against them through the entry of summary judgment. Reid has opposed such motion, which is now fully briefed.

Whereupon the court, having considered the pleadings, the defendants' motion, the briefs pertaining to such motion and the evidentiary record, and being duly advised, now finds that the motion for summary judgment [17] must be **granted.** This conclusion is based on the following facts and circumstances:

1.  "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

2. In evaluating a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). The law applicable to the affirmative defense is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

   a. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* 534 U.S. at 532 (citation omitted).

   b. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

   c. Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

3. Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Reid as the non-moving party with respect to the motion for summary judgment.

   a. Reid is confined at the Federal Correctional facility at Terre Haute, Indiana ("FCI"), a prison operated by the Federal Bureau of Prisons ("BOP"). The defendants are each employed by the BOP and work at the FCI.

   b. Reid's claims are asserted against the defendants in their individual capacities pursuant to the theory recognized in *Bivens.* Reid's claims relate to incidents he claims occurred on or about December 10, 2009. Reid first alleges that Lt. Emmerich used excessive force against him. Reid further alleges that following the incident "Medical" would not write down his complaints or injuries related to the incident. Finally, Reid alleges that Counselor White interfered with his mail and his administrative remedy requests.

   c. The BOP has an administrative remedies program. Reid's claims asserted in this case were within the scope of subjects which could be grieved through the BOP administrative remedies program.

d. In general, the BOP administrative remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP–9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP–9 Request may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. Appeal to the General Counsel is the final administrative appeal. Response times for each level of review are set forth in 28 C.F.R. § 542.18. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

e. Reid took certain steps in furtherance of the administrative remedies available to him relating to the claims asserted in this lawsuit.

   i. On December 23, 2009, Reid filed a BP-9 with the Warden alleging "Staff Assault." Specifically, Reid alleged he "was assaulted by Lt. Emmerich in the Lt. Office between 8:30 am and 10:00 am" on December 10, 2009. A response rejecting this administrative remedy was issued on January 7, 2010. The rejection informed Reid that he had failed to attempt an informal resolution before submitting an administrative remedy (BP-9), as is required by BOP Administrative Remedy procedures.

   ii. Reid was informed that he could resubmit his BP-9, in proper form, within ten days of the date of the rejection notice. Reid filed a second BP-9 with the Warden on February 2, 2010. A response denying this administrative remedy was issued on February 24, 2010. Reid then improperly attempted to appeal the denial of his BP-9 to the BOP's North Central Regional Office on February 19, 2010. A response rejecting this administrative remedy was issued on February 19, 2010. The rejection informed Reid that his BP-10 was not in proper form, as it was missing his signature, and that his appeal was premature, given that his BP-9 was still pending the Warden's review at the Institutional level. After receiving the official denial of his BP-9 from the Institution, Reid filed a second BP-10 with the Region on March 3, 2010. This remedy was rejected on March 3, 2010, informing Reid that he did not provide a copy of his BP-9 as is required by BOP Administrative Remedy procedures. He was further

            informed that he may correct the deficiency and resubmit his appeal within fifteen days of the date of the rejection notice.

    iii.    On March 15, 2010, Reid improperly filed another BP-9 with the Warden claiming "Staff Assault." A response closing this administrative remedy was issued on March 23, 2010, informing Reid that this particular remedy was repetitive of his previous BP-9 filing, which had already been denied. (Id.) Reid filed a third BP-10 with the Region on March 18, 2010. A response denying this administrative remedy was issued on April 21, 2010.

    iv.    Reid improperly filed a BP-11 with the Central Office on March 29, 2010. A response rejecting this administrative remedy was issued on April 14, 2010, informing Reid that his appeal was premature as his BP-10 still pending review at the Regional level. Following the official denial of his BP-10 at the Regional level, Reid filed a second BP-11 with the Central Office, appealing the denial, on May 14, 2010, claiming "Staff Assault." The BOP's response to Plaintiff's second BP-11 was due on July 13, 2010, but Reid filed his lawsuit on May 26, 2010, before the BOP responded to his BP-11 and before the BOP's deadline had expired.

    v.    Reid did not file any administrative remedies with respect to problems with the medical unit or medical officials, and also did not identify Defendant Usery in any of the aforementioned remedies.

    vi.    Counselor White was mentioned in one of Reid's administrative remedy submissions dated February 23, 2010. Specifically, Reid alleged he gave a remedy request to Counselor White, wherein he complains of not receiving a response from the Warden on a previously submitted administrative remedy. A response rejecting the February 23, 2010, administrative remedy was issued to Reid on March 10, 2010. This rejection informed Reid that the remedy response he complained of not receiving was closed and delivered to him on February 24, 2010, under remedy number 571819-F2. Reid appealed this denial to the Region under Remedy Number 578021-R1; however the Region rejected the denial on March 18, 2010. Reid did not appeal this issue further to the Central Office.

    4.    The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th Cir. 2001). The defendants have shown that there was a multi-step grievance procedure available to Reid at the FCI, that the claims asserted in this case were grievable, and that Reid did not both file a grievance and complete each step of the grievance process with respect to such claims.

5. The consequence of Reid's failure to properly exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment [17] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/12/2011

*(signature)*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana